**Jean Pierre ROSSETTI, Plaintiff,**

v.

**CHARLESTON FREIGHT STATION, INC., Defendant.**

No. C.A.2:04–0011–23.

United States District Court, D. South Carolina, Charleston Division.

Feb. 1, 2005.

Marvin DeWitt Infinger, Lydia Blessing Applegate, Haynsworth, Sinkler, Boyd, Charleston, SC, for Plaintiff.

John Hughes Cooper, Sullivans Island, SC, Cain Denny, Charleston, SC, for Defendant.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Defendant Charleston Freight Station, Inc.'s Motion For Summary Judgment In Favor of Plaintiff In The Amount of $500 Based On The COGSA Package Limitation. For the reasons set forth herein, Defendant's motion is denied.

## BACKGROUND

Plaintiff Jean–Pierre Rossetti ("Rossetti") contracted with American Lamprecht Transport, Inc. ("Lamprecht") for the transportation of goods from Spartanburg, South Carolina to Geneva, Switzerland, with carriage by sea from Charleston, South Carolina to Le Havre, France. Lamprecht then contracted with Orient Overseas Container Lines, Ltd. ("OOCL") for the ocean carriage portion of the transport. OOCL issued a bill of lading for the shipment which contained several provisions relating to The Carriage of Goods by Sea Act ("COGSA") and its applicability. OOCL also retained Defendant Charleston Freight Station, Inc. ("Charleston Freight") as a subcontractor. Charleston Freight is engaged in the business of cargo handling, container stuffing and stripping, segregation of cargo, intermodal transportation of cargo, warehousing of cargo, and U.S. Customs inspection of cargo.

On October 4, 2002, Charleston Freight took possession of the container bearing Rossetti's goods. At some point that day or the next, Charleston Freight opened the container to perform a customs inspection. Rossetti contends that Charleston Freight unwrapped and unboxed many of his goods, and left them in this condition for shipment. Accordingly, Rossetti alleges, his goods were damaged in an amount in excess of $100,000 during shipment.

Rossetti's complaint was originally filed in The Court of Common Pleas for the Ninth Judicial Circuit of South Carolina. On January 2, 2004, Charleston Freight removed the action to this court on the grounds that COGSA, 46 U.S.C. § 1300 *et seq.*, provides the exclusive remedy for Rossetti. In its motion for summary judgment, Charleston Freight contends that COGSA limits Rossetti's relief to $500, and that summary judgment should be granted in that amount in favor of Rossetti.

## STANDARD OF REVIEW

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge must not weigh the evidence, but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 123–24 (4th Cir.1990).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.,* 947 F.2d 115, 119 (4th Cir.1991). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.

## ANALYSIS

■ The bill of lading is a contract between the shipper and the carrier that "govern[s] the rights and obligations of the parties until delivery."[1] *Wemhoener Pressen v. Ceres Marine Terminals, Inc.,* 5 F.3d 734, 738 (4th Cir.1993). COGSA controls bills of lading that evidence a contract of carriage of goods by sea to or from the United States and in foreign trade. *See* 46 U.S.C. app. § 1300. As the parties acknowledge, COGSA contains a default limitation of liability for issuers of bills of lading, which provides in relevant part:

> Amount of Liability; valuation of cargo—(5) Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.
>
> By agreement between the carrier, master, or agent of the carrier, and the shipper another maximum amount than that mentioned in this paragraph may be fixed: Provided, that such maximum shall not be less than the figure above named. In no event shall the carrier be liable for more than the amount of damage actually sustained.

46 U.S.C. app. § 1304(5). The parties' Bill of Lading incorporated this default limitation of liability, providing:

If COGSA applies then the liability of the Carrier shall not exceed US$500 per package or customary freight unit unless the value of the Goods has been declared on the face hereof with the consent of the Carrier and extra freight has been paid in which case Clause 23 shall apply and the declared value (if higher) shall be substituted for the limit and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

The parties agree that COGSA applies, and that no separate value of the goods was declared on the face of the bill of lading. Thus, the only issue in the matter *sub judice* is whether COGSA's $500 package limitation applies to the one forty foot container in which Rossetti's goods were shipped to limit Rossetti's recovery to a total of $500, or whether the package limitation more liberally allows Rossetti to recover up to $500 for each of the one hundred and sixty nine pieces designated within that container. Rossetti's position is that the latter proposition is correct, while Charleston Freight urges the court to apply the $500 package limitation to allow Rossetti to recover only $500 for the entire contents of the container.

■ As the parties acknowledge, this case is governed by *Universal Leaf Tobacco Co. v. Companhia De Navegacao Maritima Netumar,* 993 F.2d 414 (4th Cir. 1993). In *Universal,* the Fourth Circuit expressly adopted the Second Circuit's reasoning in *Mitsui & Co. v. American Export Lines, Inc.,* 636 F.2d 807 (2d Cir. 1981). The *Mitsui* court held that when a bill of lading discloses on its face what is inside the container, and those contents may reasonably be considered COGSA packages, then the container is not the COGSA package. 636 F.2d at 817 ("[A]t

---

1. While neither Plaintiff nor Defendant is a party to the bill of lading, no one disputes that the bill of lading governs this matter.

least when what would ordinarily be considered packages are shipped in a container supplied by the carrier and the number of such units is disclosed in the shipping documents, each of those units and not the container constitutes the 'package' referred to in s 4(5)."); *see also Monica Textile Corp. v. S.S. Tana*, 952 F.2d 636, 641 (2d Cir.1991) (noting that "in container cases [the court] must take a critical look at clauses purporting to define the container as the COGSA package.").

■ Charleston Freight recognizes that, pursuant to *Universal*, the so-called "*Mitsui–Monica*" rule applies and would dictate that the individual pieces be considered the package for purposes of COGSA's package limitation. However, Charleston Freight argues, the *Universal* decision contains a caveat that applies to the situation at hand. In *Universal*, the Fourth Circuit referred to *Monica* for the proposition that when a bill of lading "refers to both containers and other units susceptible of being COGSA packages, it is inherently ambiguous." *Universal*, 993 F.2d at 417 (quoting *Monica*, 952 F.2d at 642). Immediately thereafter, the Fourth Circuit warned that "[t]his ambiguity should be resolved against the carrier *unless the parties have clearly and explicitly agreed to treat the container as the COGSA package.*" *Id.* (emphasis added).

■ Charleston Freight argues that in the matter *sub judice* the parties clearly and explicitly agreed to treat the container as the package for purposes of COGSA's limitation. In making this argument, Charleston Freight relies on language on the first page of the bill of lading which states

TOTAL NO. OF CONTAINERS/PACKAGES RECEIVED & ACKNOWLEDGED BY CARRIER FOR THE PURPOSE OF CALCULATION OF PACKAGE LIMITATION (IF AP-PLICABLE): 1 CONTAINER(S)/PACKAGE(S).

(Def.Mem, Ex.A).

The court disagrees that this constitutes a clear and unequivocal agreement to treat the container as the COGSA package, as just above this section the bill of lading provides that "169 pieces" have been declared by the shipper. *Id.* In the court's opinion, the language Charleston Freight relies on is simply non-bargained for boilerplate that courts have repeatedly refused to consider in applying COGSA's package limitation. *See, e.g., Universal*, 993 F.2d at 417 ("Under the *Mitsui–Monica* rule, this specific reference to the quantity of cases trumps the more general 'no. of pkgs.' designation (which was also filled in by Universal's agent) and the boilerplate language...."); *St. Paul Fire & Marine Ins. v. Sea–Land Serv., Inc.*, 735 F.Supp. 129, 132 n. 4 (S.D.N.Y.1990) ("Allowing the carrier ... to insert an essentially unbargained-for definition of 'package' in the bill of lading would effectively eliminate the protection COGSA was meant to afford shippers."); *Matsushita Electric Corp. v. S.S. Aegis Spirit*, 414 F.Supp. 894, 905 (W.D.Wash.1976) ("Bills of lading, though, are hardly appropriate vehicles for such expressions of mutual intent, because their contractual terms are commonly the product of unilateral draftsmanship by the carrier incorporating largely self-serving provisions."). Given that the bill of lading references the number of separate pieces on its face, the court finds that it is ambiguous and must be construed against Defendant Charleston Freight. *See, e.g., Mitsui*, 636 F.2d at 817; *Smythgreyhound v. M/V Eurygenes*, 666 F.2d 746, 752 (2d Cir.1981) ("[*Mitsui*] adopted a general rule that where the bill of lading discloses the contents of the container, then the container is not the COGSA package.").

In reaching this ruling, the court is also persuaded by the wealth of authority finding that COGSA's purposes would be frustrated by allowing carriers to limit their liability unduly. *See, e.g., Binladen BSB Landscaping v. M/V Nedlloyd Rotterdam,* 759 F.2d 1006, 1012–13 (2d Cir.1985) ("classification of [the container] as a 'package' would violate the purpose of § 4(5) by permitting the carrier to limit its liability unduly"); *Mitsui,* 636 F.2d at 817 (noting that earlier precedent "acknowledg[ed] that treating the containers as packages ... was precluded by the underlying purpose of [COGSA] § 4(5)"); *Matsushita,* 414 F.Supp. at 905 ("If carriers alone, or even carriers and shippers together, are allowed to christen something a 'package' which distorts or belies the plain meaning of this word ..., then the liability floor becomes illusory...."). Accordingly, Defendant's attempt to invoke the package limitation protection to limit its total liability to $500 must be rejected.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant's Motion for Summary Judgment in Favor of Plaintiff in the Amount of $500 Based on the COGSA Package Limitation is **DENIED.**

**AND IT IS SO ORDERED.**